FILED

SEP 30 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                      DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: **21CR00466-JLS** |
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Maritza MEDINA, | |
| Defendant. | |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on September 24, 2021, to determine whether Defendant, Maritza MEDINA, should be held in custody pending trial on the grounds that he is a flight risk. Assistant United States Attorney Courtney Strange appeared on behalf of the United States. Attorney Danielle Iredale appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the Complaint issued against the Defendant on January 13, 2021 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

# I

# FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant is charged in Criminal Complaint No. 21MJ08032 with the importation of 54.32 kilograms (119.76 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u>, 18 U.S.C. § 3142(e).

3. The offense carries a minimum mandatory sentence of 10 years and a maximum sentence of life. <u>See</u>, 21 U.S.C. § 960(b)(1)(H). According to the United States Sentencing Guidelines, the Base Offense level is 38. <u>See</u>, USSG § 2D1.1(c)(1). Assuming the Defendant's criminal history score places her in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 235-293 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2))</u>:

1. On Friday, January 8, 2021, at approximately 12:19 p.m., while Customs and Border Protection Officer (CBPO) Macias was assigned to Vehicle Lane # 2 at the Andrade Port of Entry (POE), a Burgundy Dodge Durango approached his lane. Maritza MEDINA (MEDINA) was the driver and sole occupant of the vehicle. CBPO Macias asked MEDINA the reason for her travel to Mexico. MEDINA said she went to Mexico because her father is ill and MEDINA is taking care of him. MEDINA also stated she is in the process of moving so she is looking for a place to stay in Mexico. MEDINA gave a negative oral customs declaration. At the time, Canine Enforcement Officer (CEO) Renaud was performing primary roving operations with his assigned canine partner. CEO Renaud told CBPO Macias the canine alerted to the rear of the vehicle. CEO Renaud tapped the spare tire and it had a solid feel to it. Then, CBPO Macias tapped the fuel tank and it also had a

solid feel to it. CEO asked CBPO Macias to remove MEDINA from the vehicle and escort her to the secondary office. CBPO Macias asked MEDINA who owned the vehicle and MEDINA stated she did. CBPO Macias also asked MEDINA if anyone else drove the vehicle, to which MEDINA stated not to her knowledge. CBPO Macias asked MEDINA to exit the vehicle and proceeded to escort her to the pat down room. Supervisor Customs and Border Protection Officer (SCBPO) Bonner was notified. CBPO Ramirez drove the vehicle to vehicle secondary. SCBPO Bonner asked CBPO Macias to drive the vehicle to the Calexico, California East POE. CBPO Meza transported MEDINA to the Calexico East POE. A total of 116 packages were removed from the spare tire and fuel tank containing a crystal-like substance. The spare tire contained 49 packages wrapped in a clear vacuum seal plastic bags with no markings. The fuel tank contained 67 packages also wrapped in a clear vacuum seal plastic. The packages in the fuel tank had letter markings as follows: fourteen (14) packages had the letter "S;" eight (8) packages had the letter "M;" six (6) packages had the letter "U;" and ten (10) packages had the letter "T." Twenty-nine (29) of the packages had no markings. The total weight of the packages was 54.32 kilograms (119.76 pounds). The crystal-like substance was tested using the GEMINI machine and the results were positive for methamphetamine.

2. MEDINA was advised of her Miranda Rights, which she acknowledged and agreed to answer questions without the presence of an attorney. MEDINA stated she did not know the drugs were in the vehicle. MEDINA also said that recently she was offered $5,000.00 by her friend to cross drugs into the United States and she declined the offer. MEDINA also said that her vehicle was in her possession the entire time she was in Algodones.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3))</u>:

1. Defendant has family ties and frequent travel to Mexico.
2. Defendant has an unstable residence.
3. Defendant has a substance abuse history.
4. Defendant has a possible mental health history.

5. Defendant has a history of failing to appear and was a fugitive for over five months.

## II

## **REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offense(s) charged in Criminal Complaint Number 21MJ08032, to wit: importation of 54.32 kilograms (119.76 pounds) of a mixture and substance containing a detectable amount of methamphetamine in violation of Title 21, U.S.C., §§ 952 and 960.

B. Defendant has family ties and frequent travel to Mexico.

C. Defendant has an unstable residence.

D. Defendant has a substance abuse history.

E. Defendant has a possible mental health history.

F. Defendant has a history of failing to appear and was a fugitive for over five months.

## III

## **ORDER**

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///
///
///
///
///
///
///

4

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**
DATED: 9/30/2021

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:

RANDY S. GROSSMAN
Acting United States Attorney

Courtney Strange
Assistant U.S. Attorney

cc:   Danielle Iredale
      Counsel for Defendant